HAYES-IONIA. CO. *v.* ST. PAUL FIRE & MARINE INSURANCE. CO.

INSURANCE — MISREPRESENTATION — CANCELLATION OF POLICY — WHETHER INSURED MISREPRESENTED HELD QUESTION OF FACT.
Whether an insurance company was justified in canceling a policy because of misrepresentation by insured in its answer to insurer's inquiry as to losses sustained and insurance carried or refused in the past, *held*, a question of fact for the jury, where different inferences may be drawn from the language used in the inquiry, and, under insured's construction, which finds support in surrounding facts and circumstances, there was no misrepresentation.

Error to Kent; Barton (Joseph), J., presiding. Submitted April 12, 1927. (Docket No. 26.) Decided January 3, 1928.

Assumpsit by the Hayes-Ionia Company against the St. Paul Fire & Marine Insurance Company on a policy of insurance. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Laurence W. Smith,* for appellant.

*Travis, Merrick, Warner & Johnson* and *Ekern & Meyers (Edgar H. Johnson* and *Luther F. Binkley,* of counsel), for appellee.

BIRD, J. Plaintiff is a manufacturer of automobile bodies. It has a plant at Ionia and one at Grand

---

Insurance, 33 C. J. § 866.

(195)

Rapids. In October, 1924, it was making bodies in Grand Rapids for the Maxwell Motor Company of Detroit. It was transporting them overland to Detroit by automobile trucks. The plaintiff desired some insurance on the transportation to protect it against fire and the perils of the highway. On October 15, 1924, defendant issued to it a policy covering these risks. Soon thereafter a loss by fire occurred. Proofs of loss were sent to the company. The insurance company investigated, and agreed with plaintiff that its loss amounted to $1,361.23. The defendant did not pay the loss, but soon thereafter denied liability, canceled the policy, and tendered to plaintiff the premium which it had paid. The reasons for cancellation were:

"That a previous policy of the same nature, in which this assured was interested, was canceled by the company on account of the experience which that company had, and that this risk had been canceled by a previous underwriter on account of losses, contrary to your representations to us."

In support of this defense defendant showed that plaintiff secured the insurance from a local insurance company, the Grinnell-Row Company, at Grand Rapids, acting as brokers in the matter; that upon inquiry for rates, etc., the defendant stated, in the same letter in which the rates were quoted, the following:

"These quotations are based upon the past experience having been satisfactory, and we shall be glad if you will advise us as to the losses that have been sustained during the past two years."

No answer was made to this inquiry by the brokers, and later, when the local company ordered the policy, the defendant replied:

"On referring the matter to the representative of the company, we are informed that before issuing a binder the company would wish to have a reply to our communication of October 8th. In other words, if

similar insurance has been carried and subsequently canceled on account of poor experience, the St. Paul would not wish to become interested; therefore, we would like to have advices as to whether any company has canceled or refused to issue a contract, and if that answer be in the negative then we should be advised as to the loss experience."

Upon receipt of this the local company communicated with plaintiff, and afterwards sent the following wire to the defendant:

"*Re* Hayes-Ionia Company: No company has carried or refused insurance on this risk. Experience has been good. Only four bodies slightly damaged in six months."

Upon receipt of this telegram the defendant accepted the application and issued the policy. The defendant, after showing this, offered four vouchers of the Automobile Insurance Company, under policy IMT-2179, paid to the Hayes-Ionia Company, and also vouchers for two claims under policy IMT-2068. All of these claims occurred in 1922, and aggregated the sum of $405.20.

The plaintiff's showing with reference to these charges was that the insurance policy IMT-2179 was taken out originally by Ivan Horton, the operator of the truck. That policy was taken out in 1922, and covered a different route than the policy in suit. That policy covered bodies which were being transported from Ionia to Lansing. It is shown that plaintiff had no interest in those bodies after they left its factory, because they were sold to the Reo Motor Car Company, f. o. b. Ionia; that when an automobile body was injured the driver would return it to plaintiff to make repairs. The repairs were made by plaintiff, and Horton paid for them. Horton appears to have been a poor business man, and was slow in making claims and in furnishing proofs of loss and paying premiums. He was also slow in paying plaintiff for repairs. The

insurer became dissatisfied, and a conference of the three parties was had, and it resulted in having plaintiff's name added to a new policy, and, thereafter, claims were paid to plaintiff instead of to Horton, and the plaintiff also paid the premiums and saw that the proofs of losses were made.  This policy to Horton was surrendered, and not canceled, as is claimed by defendant.

It is further the claim of the plaintiff that the inquiry of defendant had reference to the risk which the plaintiff was then carrying between Grand Rapids and Detroit, and counsel insists that if this be the construction, the telegram sent to defendant before issuing the policy was technically correct.  Counsel further claims that this question was one of fact as to what the inquiry had reference to, under all the circumstances of the case.  There was also some conflict in the testimony as to what the inquiry was which was directed to the local broker, and that this was a question also for the jury.

We are impressed by a reading of the inquiry that different inferences can be drawn from the language used.  There are facts and circumstances which support plaintiff's contention that defendant was asking only about the risk from Grand Rapids to Detroit, the risk which the defendant was asked to assume.  If the inquiry receives this construction there was no misrepresentation in the telegram.  On the other hand, the inference which defendant draws is not an unreasonable one, that defendant was asking for the result of plaintiff's experience in transporting cars by automobile.  If the jury in a retrial should take defendant's view, a new question would then arise as to whether plaintiff's reply should have included its experience with reference to a policy in which it had only a nominal interest.

There may be other minor questions of fact, but this is the important one, and the one upon which the

case turns, and we think it should have been submitted to the jury. We think the trial court was in error in directing a verdict for defendant.

The judgment is reversed and a new trial ordered, with costs of this court to plaintiff.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.